UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DONALD BRASHEAR,<br><br>    Plaintiff,<br><br>vs.<br><br>NATIONAL MUTUAL INSURANCE COMPANY,<br><br>    Defendant. | 2:12-cv-01691-LRH-CWH<br><br>REPORT & RECOMMENDATION |

This matter was referred to the undersigned Magistrate Judge on Defendant's Objection to Plaintiff's Demand for Jury (#10), filed November 6, 2012. On November 14, 2012, Plaintiff filed a Motion to Strike Defendant's Objection to Jury Demand (#13). Defendant filed its Response (#14) on December 3, 2012. The Court has reviewed the briefing and considered the parties respective positions and recommends that Defendant's objection to the late filed jury demand be sustained and Plaintiff's motion to strike denied.

**BACKGROUND**

The complaint in this matter was originally filed in Nevada state court on August 23, 2012. *See* Ex. A attached to Def's Pet. for Removal (#1). Plaintiff seeks damages, including punitive damages, from Defendant Nationwide Mutual Insurance ("Nationwide") for breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of Nevada Revised Statute ("NRS") 686A.310. *Id.* The claims arise from Defendant Nationwide's handling of Plaintiff's claim for underinsured benefits under an insurance policy issued by Nationwide. At the time of filing of the complaint, Plaintiff did not make a demand for a jury trial.

Defendant Nationwide removed the action to this court on September 26, 2012. (#1). At no time prior to removal did Plaintiff make a demand for a jury trial. Nationwide filed its answer on October 3, 2012. (#4). The parties conducted their Rule 26(f) scheduling conference on

October 31, 2012. *See* Pl.'s Mot. to Strike (#13) at 2:4-6. Just prior to the scheduling conference, Plaintiff filed his jury demand. (#9). On November 6, 2012, Nationwide filed its objection to Plaintiff's jury demand alleging that it was untimely under Fed. R. Civ. P. 38(b). (#10).

In response to Nationwide's objection, Plaintiff filed a motion to strike (#13) conceding that the jury demand was untimely, but requesting that the Court exercise its discretion under Rule 39(b) to order a jury trial. Plaintiff argues that the failure to file a timely demand was inadvertent and based on a calendaring error. Given the minimal delay in filing his demand (8 days), Plaintiff requests that the inadvertent error be overlooked. Plaintiff asserts that neither Nationwide nor the Court will be prejudiced by excusing the late demand. Plaintiff further claims that failure to excuse the untimely jury demand would prejudice him because in cases of this type it is "appropriate for a jury to act as a finder of fact." *See* Pl.'s Mot. (#13) at 4:19-20.

Nationwide counters that the Ninth Circuit has interpreted Rule 39(b) narrowly by denying relief to parties who failed to show that more than mere "inadvertence" led to the delay in filing a jury demand. Nationwide cites several Ninth Circuit cases in support of its position, including *Pacific Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000 (9th Cir. 2001) wherein the court affirmed the denial of relief under Rule 39(b) due to erroneously calculating the period of time available to make the demand. Nationwide asserts that the same result is appropriate here.

**DISCUSSION**

It is uncontested that Plaintiff failed to make a timely jury demand in this matter under either Fed. R. Civ. P. 81(c)(3) or Fed. R. Civ. P. 38(b). Nevertheless, Plaintiff requests that the Court exercise its discretion under Rule 39(b) and order a jury trial. Rule 39(b) provides: "Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). Discretion under Rule 39(b) is narrow and "'does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence' such as a good faith mistake of law with respect to the deadline for demanding a jury trial." *Zivkovic v.*

- 2 -

*Southern California Edison Co.*, 302 F.3d 1080, 1086 (9th Cir. 2002) (quoting *Pacific Fisheries*, 239 F.3d at 1002-03).

The Ninth Circuit has held that "[a]n untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown." *Pacific Fisheries*, 239 F.3d at 1002 (citations omitted). In *Pacific Fisheries*, the Ninth Circuit found that the district court did not abuse its discretion when it denied a jury demand that was a mere 18 days late. Likewise, in *Zivkovic*, the court found that the denial of relief under Rule 39(b) was not an abuse of discretion even when the plaintiff was proceeding pro se and the demand was a mere 10 days late. *See Zivkovic*, 239 F.3d at 1087 (finding that a "good faith mistake as to the deadline for demanding a jury trial establishes no more than inadvertence, which is not a sufficient basis to grant relief from an untimely jury demand").

Here, Plaintiff's jury demand was, admittedly, eight (8) days late. The sole reason offered for the late demand was Plaintiff's counsel's failure to properly calendar the appropriate deadline. Neither the misinterpretation of applicable law nor errors in calculating the time available to make a jury demand rise above errors of "inadvertence or oversight." *Pacific Fisheries*, 239 F.3d at 1003. Consequently, the undersigned finds that Plaintiff's failure to file a time jury demand was the result of inadvertence and does not justify relief under Rule 39(b).

Based on the foregoing and good cause appearing therefore,

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant's Objection to Plaintiff's Demand for Jury (#10) be sustained.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Strike Defendant's Objection to Jury Demand (#13) be **denied.**

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This

circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 14th day of December, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge